IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VIET VAN HO, | § | |
| TDCJ-CID #1699665, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-15-0530 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Viet Van Ho filed a Petition for a Writ of Habeas Corpus by a Person in State Custody ("Petition") challenging his state conviction (Docket Entry No. 1). Pending before the court is Respondent William Stephens' Motion for Summary Judgment with Brief in Support ("Respondent's Motion for Summary Judgment") (Docket Entry No. 13). For the reasons stated below, the court will grant Respondent's Motion for Summary Judgment and will dismiss Van Ho's Petition.

## I.  Background and Facts

In the 435th District Court of Montgomery County, Texas, Van Ho was charged by two separate indictments with the offense of

aggravated robbery.[1]  Van Ho pled guilty to both charges and pled true to three enhancement paragraphs.[2]  On February 28, 2011, the court accepted Van Ho's pleas and sentenced him to seventy-five years incarceration on each count, to run concurrently.[3]  The Ninth Court of Appeals of Texas affirmed Van Ho's conviction on July 11, 2012.[4]  On October 10, 2012, the Texas Court of Criminal Appeals denied Van Ho's petition for discretionary review ("PDR").[5]  Van Ho filed a state application for a writ of habeas corpus challenging his conviction, which he signed on September 19, 2013.[6]  On August 6, 2014, the Texas Court of Criminal Appeals denied the application without written order on the findings of the trial court without a hearing.[7]

---

[1]Judgment of Conviction by Court, Docket Entry No. 12-13, pp. 7-8.

[2]Id.

[3]Id.

[4]Ninth Court of Appeals Memorandum Opinion, Docket Entry No. 12-11, pp. 1, 7-8.

[5]Notice from Court of Criminal Appeals, Docket Entry No. 12-8, p. 1.

[6]Post-Conviction Application for Writ of Habeas Corpus, State Habeas Record WR-81,788-01, Docket Entry No. 12-14, pp. 6, 17.

[7]Action Taken by the Texas Court of Criminal Appeals, State Habeas Record WR-81,788-01, Docket Entry No. 12-14, p. 1.

Van Ho filed his federal Petition and signed it on February 13, 2015.[8]   Van Ho asserts three claims of ineffective assistance of counsel in support of his Petition: (1) counsel failed to communicate the correct plea agreement; (2) counsel failed to present mitigating witnesses for his defense; and (3) counsel failed to preserve an Eighth Amendment cruel and unusual punishment claim.[9]   Respondent argues that Van Ho's Petition should be dismissed as time barred under 28 U.S.C. § 2244(d).[10]

## II.  Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") includes a one-year statute of limitations for all cases filed after April 24, 1996.   28 U.S.C. § 2244(d)(1); Lindh v. Murphy, 521 U.S. 320, 326-27 (1997).   The AEDPA's statute of limitations provision is codified in 28 U.S.C. § 2244(d)(1):

> **(d)(1)**  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of -
>
> > **(A)**  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[8]Petition, Docket Entry No. 1, p. 12.

[9]Id. at 6-8.

[10]Respondent's Motion for Summary Judgment, Docket Entry No. 13, pp. 5-7.

**(B)**   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

**(C)**   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

**(D)**   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Section § 2244(d)(2) provides for tolling of the limitations period while a properly filed application for state post-conviction review is pending.

## A.   Commencement of the Limitations Period

Van Ho's conviction became final on January 8, 2013, at the end of the ninety-day period for filing a petition for a writ of certiorari with the Supreme Court following the Texas Court of Criminal Appeals' order denying relief.   See Sup. Ct. R. 13.1. Pursuant to 28 U.S.C. § 2244(d)(1)(A), Van Ho therefore had until January 8, 2014, to file his Federal Petition, absent any tolling.[11]

---

[11]There has been no showing of an impediment created by the state government that violated the Constitution or federal law and prevented Van Ho from filing a timely petition.   See 28 U.S.C. § 2244(d)(1)(B).   There has also been no showing of a newly recognized constitutional right upon which the petition is based, and there is no indication that the claims could not have been discovered by petitioner through the exercise of due diligence. See 28 U.S.C. § 2244(d)(1)(C)-(D).

## B.   Statutory Tolling

Under the AEDPA the limitations period for federal habeas corpus is tolled while a properly filed application for state post-conviction review is pending.   28 U.S.C. § 2244(d)(2).   Van Ho filed his state habeas application, which he signed on September 19, 2013, before the one-year limitations period ended on January 8, 2014.[12]   The Texas Court of Criminal Appeals denied the application on August 6, 2014.[13]   Therefore, the limitations period was tolled between September 19, 2013, and August 6, 2014.   Van Ho's limitations period expiration date was therefore extended to November 26, 2014.   When Van Ho filed his federal Petition, signed on February 13, 2015, his Petition was untimely by over two months.

## C.   Equitable Tolling

The one-year limitations period under the AEDPA is subject to equitable tolling at the district court's discretion and only in "rare and exceptional circumstances."   Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998).   A habeas petitioner is "'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."   Holland v.

_____

[12]Post-Conviction Application for Writ of Habeas Corpus, State Habeas Record WR-81,788-01, Docket Entry No. 12-14, pp. 6, 17.

[13]Action Taken by the Texas Court of Criminal Appeals, State Habeas Record WR-81,788-01, Docket Entry No. 12-14, p. 1.

<u>Florida</u>, 130 S. Ct. 2549, 2562 (2010) (quoting <u>Pace v. DiGuglielmo</u>, 125 S. Ct. 1807, 1814 (2005)).

Van Ho argues that he is entitled to equitable tolling because of his inability to speak, read, or write English fluently, coupled with the prison's repeated denials of translation assistance.[14] The Fifth Circuit has held that unfamiliarity with the law "due to illiteracy or any other reason" is not a rare and exceptional circumstance warranting equitable tolling.  <u>Turner v. Johnson</u>, 177 F.3d 390, 392 (5th Cir. 1999) (citing <u>Barrow v. New Orleans S.S. Ass'n</u>, 932 F.2d 473, 478 (5th Cir. 1991)); <u>see also</u> <u>Felder v. Johnson</u>, 204 F.3d 168, 172–73 (5th Cir. 2000) (holding that ignorance of the law and pro se status are not sufficient for equitable tolling).  The inability to understand English is not an exceptional circumstance sufficient to warrant equitable tolling. <u>See</u> <u>United States v. Posada-Rios</u>, Civ. Act. No. H-07-478, 2009 WL 1064156, at *1 (S.D. Tex. Apr. 16, 2009) ("[E]quitable tolling of the AEDPA limitations period does not occur on grounds of lack of English-speaking ability.").  The court therefore concludes Van Ho's allegations do not rise to the level of rare and extraordinary circumstances.

Even assuming that Van Ho's asserted grounds for equitable tolling constituted rare and extraordinary circumstances, he is not

--------------------------------------------------------

[14]Memorandum in Support of Petition, Docket Entry No. 2, pp. 3-6.

entitled to equitable tolling because he does not allege facts demonstrating that he diligently pursued his claims. Van Ho waited eleven months after the Texas Court of Criminal Appeals denied his PDR and eight months after his conviction became final to sign his state habeas application. He then waited another six months after the dismissal of his state application to file his federal Petition. Such delays do not indicate the diligent pursuit of his rights; therefore, equitable tolling does not apply. See Melancon v. Kaylo, 259 F.3d 401, 408 (5th Cir. 2001) (holding that a filing delay of over four months precluded a finding of diligence); Coleman v. Johnson, 184 F.3d 398, 403 (5th Cir. 1999) (holding that a filing delay of six months precluded a finding of diligence); Koumjian v. Thaler, 484 F. App'x 966, 969-70 (5th Cir. 2012) (holding that a filing delay of over four-and-a-half months precluded a finding of diligence).

## III.   Certificate of Appealability

Under 28 U.S.C. § 2253 Van Ho must obtain a certificate of appealability ("COA") before he can appeal this Memorandum Opinion and Order dismissing his Petition. A COA will not be issued unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved

in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." <u>Slack v. McDaniel</u>, 529 U.S. 473, 475 (2000) (internal quotations and citations omitted). If denial of relief is based on procedural grounds, the petitioner must not only show that "'jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right,' but also that they 'would find it debatable whether the district court was correct in its procedural ruling.'" <u>Beazley v. Johnson</u>, 242 F.3d 248, 263 (5th Cir. 2001) (quoting <u>Slack</u>, 529 U.S. at 484) (emphasis in original). A district court may deny a COA, <u>sua sponte</u>, without requiring further briefing or argument. <u>Alexander v. Johnson</u>, 211 F.3d 895, 898 (5th Cir. 2000). This court concludes that Van Ho is not entitled to a COA under the applicable standards. <u>See</u> 28 U.S.C. § 2253(C).

## IV.  Conclusion and Order

Because Van Ho's Petition for a Writ of Habeas Corpus is barred by the statute of limitations, Respondent Stephens' Motion for Summary Judgment (Docket Entry No. 13) is **GRANTED**, and Van Ho's Petition for a Writ of Habeas Corpus By a Person in State Custody (Docket Entry No. 1) is **DISMISSED**.  A Certificate of Appealability is **DENIED**.

**SIGNED** at Houston, Texas, on this the 30th day of July, 2015.

SIM  LAKE
UNITED STATES DISTRICT JUDGE